**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4516**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

ARMANDO JIMENEZ TAGLE,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:12-cr-00295-MOC-DCK-1)

───────────

Submitted:  January 29, 2015          Decided:  February 5, 2015

───────────

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

───────────

Murray Kamionski, LAW OFFICE OF MURRAY KAMIONSKI, Manhattan
Beach, California, for Appellant. Anne M. Tompkins, United
States Attorney, William M. Miller, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armando Jimenez Tagle pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). After departing downward, the court sentenced Tagle to 138 months' imprisonment, at the bottom of the advisory Guidelines range. Tagle appeals, alleging ineffective assistance of counsel and challenging his sentence.

Tagle asserts that counsel was ineffective at sentencing because she did not object to his 138-month sentence on the ground that Tagle should receive credit for the time he spent in state custody on related charges prior to his transfer to federal court. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Our review of the record discloses that counsel raised the issue of state custody credit at the sentencing hearing, and the judgment reflects the district court's view that Tagle

2

should be granted credit for time served on related state charges. Accordingly, because there is no demonstrated evidence of ineffective assistance of counsel on the face of the record, we reject Tagle's argument and conclude that this claim should be raised, if at all, in a § 2255 motion.

Next, Tagle challenges the length of his sentence, arguing that he was not given credit for time he spent in state custody on related charges. The government asserts that Tagle knowingly and intelligently waived his right to appeal his sentence in his plea agreement, and that his challenge to the sentence falls within the scope of the agreement.

We review the validity of an appellate waiver de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." Id. (internal quotation marks omitted). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Generally, if the district court fully questions the defendant regarding the waiver of his right to appeal during the plea colloquy, the

3

waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

Our review of the record confirms that, under the totality of the circumstances, Tagle's waiver of his appellate rights was knowing and voluntary. Tagle waived his right to appeal his conviction and sentence, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct. We conclude that his challenge to the length and calculation of his sentence falls within the scope of the valid and enforceable waiver, and therefore dismiss this portion of the appeal.[*]

We accordingly affirm the district court's judgment in part, and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented

---

[*] In any event, we note that the district court did not have the authority to determine the extent of credit toward the service of a term of imprisonment for time spent in official detention at sentencing. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 334 (1992). Only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

4

in the materials before this Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
